RELIANCE HATHAWAY *vs.* TRENTON MUTUAL LIFE AND FIRE
INSURANCE COMPANY.

A person whose life was insured within the United States had permisssion to go to California and return home round Cape Horn, or by Vera Cruz. Being taken sick in California he returned home by way of Panama and Chagres, without the United States, and soon after died. *Held,* that the policy was thereby avoided, although there was then no usually travelled route by Vera Cruz, and although he returned the shortest and safest way.

THIS was an action of contract to recover $1,000 upon a policy of insurance, issued to the plaintiff upon the life of Caleb Hathaway, and which contained this clause: " Pro» vided always, and this policy is granted and accepted upon the express condition, that if the said Caleb Hathaway, shall without consent of this company, previously obtained and indorsed upon this policy, visit those parts of the United States which lie south of the southern boundaries of the states of Virginia and Kentucky, between the first day of July and the first day of November ; or shall, without such consent thus obtained and indorsed hereon, pass beyond the settled limits of the United States, except as herein-before provided; or shall, without such previous consent thus obtained and indorsed, enter into any military or naval service, (the militia not in actual service excepted,) then this policy shall be null, void, and of no effect." Caleb Hathaway, whose life was the subject of insurance, by a memorandum on the policy had " permission to make one voyage out and home to California, in a first-rate vessel round Cape Horn or by Vera Cruz." He went to California and to the mines, where he was in September, 1850, when he went to San Francisco. He was there taken sick, and in October, 1850, left San Fran-cisco for his home in New Bedford. He did not return by way of Vera Cruz, but by way of Panama and Chagres, and reached home in December, 1850, where he died.

. It was agreed by the defendants, if competent for the plaintiff, under the provisions of the policy, to prove the fact, that at the time said Hathaway left San Francisco, there was

no usually travelled route by way of Vera Cruz, and that in his then state of health, a return home by that way would have been attended with great risk and expense, and that the route taken by him was the shortest and safest one.

The defendants contended that by the terms of the policy and memorandum upon it, said Hathaway had no right to return by said route, and that the policy was thereby made void.

It was agreed that if said defence be good in law, upon the above facts, the plaintiff was to become nonsuit; otherwise judgment for the plaintiff, for the sum named in the policy, with interest from March 1st, 1851.

*T. D. Eliot*, for the plaintiff.

*N. Morton & B. Sanford*, for the defendants.

MERRICK, J.   The policy upon which this action was brought was granted and accepted upon the express condition that it should be void and of no effect, if the assured, without the consent of the defendants previously obtained and indorsed upon it, should pass beyond the settled limits of the United States.   In returning from California he did go beyond those limits, and the policy was thereby rendered invalid, and the defendants were discharged from all liability upon it, unless, as the plaintiff contends, the company gave their consent that he should do so.

The consent upon which the plaintiff relies, is contained in the words following, which were indorsed upon the policy : " Caleb Hathaway," the assured, " has permission to make one voyage out and home to California in a first-rate vessel, round Cape Horn or by Vera Cruz."   This is not a general license, but a carefully defined and restricted permission.   The company were under no obligations to give any consent.   It depended entirely upon their own will, and upon a new bargain to be made, whether they would give or withhold it.   In yielding it, they had a right to fix their own terms and to circumscribe it within such limitations as they deemed expedient.   In this case they did exercise that right.   They determined and declared how far they would relax the stringency of the condition.   To the extent conceded him, the assured was relieved from its obligation and effect.   He was allowed,

without infringing the contract or incurring the consequences of a breach of its condition, to make one voyage to California, out and home, in a first-rate vessel. But he was restricted to two routes. He was given the choice of the voyage round Cape Horn or the passage by Vera Cruz. He did not avail himself, as he might safely have done, of either of these routes, but returned from California by way of Panama and Chagres. For that departure from the settled limits of the United States, and the transportation of himself into those places, no consent was given by the defendants; and therefore it was a breach of the condition, which rendered the policy void.

It is of no consequence that the route home taken by the assured was, or may have been, as the plaintiff offered to prove, the safest and shortest. The policy excluded him, if he would avail himself of the provisions and of the assurance contained in it, from being governed by what was advisable and expedient. It fixed the terms upon which the promise should be binding, and upon which it should be annulled. By those terms the parties are bound. There having been a breach of the condition the contract is thereby rendered void. See *Barrett* v. *Union Mutual Fire Ins. Co.* 7 Cush. 175.

*Plaintiff nonsuit.*